UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5740-MWF-JPR | Date: September 26, 2019 |
| Title: Melvin Avila v. Kiewit Corporation, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION TO REMAND [11]

Before the Court is Plaintiff Melvin Avila's Motion to Remand Case to State Court (the "Motion"), filed on July 30, 2019. (Docket No. 11). Defendant Kiewit Corporation ("Kiewit") filed an Opposition on August 19, 2019. (Docket No. 14). Plaintiff filed a Reply on August 26, 2019. (Docket No. 17).

The Motion was noticed to be heard on September 9, 2019. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the Motion is **DENIED**. The Complaint alleges complete diversity between the parties and damages in excess of $75,000, which is sufficient to confer diversity jurisdiction upon this Court.

I.  **BACKGROUND**

Plaintiff Melvin Avila commenced this action on May 24, 2019. (Complaint ("Compl.") (Docket No. 1-1)). The action was removed on July 1, 2019, pursuant to this Court's diversity jurisdiction. (*See* Notice of Removal ("NoR") at 1 (Docket No. 1)).

Plaintiff originally filed the action against four named defendants: Kiewit, AES Corporation, AES Southland Energy, LLC, and AES Southland Energy Holdings II, LLC (the last three collectively "AES Defendants"). On August 20, 2019, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5740-MWF-JPR | Date: September 26, 2019 |
| Title: Melvin Avila v. Kiewit Corporation, et al. | |

dismissed the three AES Defendants without prejudice in response to the parties' joint stipulation. (Docket No. 16). Accordingly, Kiewit is the only remaining Defendant in the action. Plaintiff is an individual residing in the County of Los Angeles, California. (Compl. ¶ 1). Defendant Kiewit is a corporation that is incorporated under the laws of Delaware and maintains its headquarters in Overland Park, Kansas. (NoR ¶ 13).

The following summarizes Plaintiff's allegations:

On July 11, 2018, Plaintiff was hired by Defendant as an iron worker. (Compl. ¶ 9). In or around August 2018, Plaintiff injured his right hand while working for Defendant. (*Id.* ¶ 10). Approximately one week later, Plaintiff sought medical advice as his pain became worse. (*Id.* ¶ 11). Plaintiff was examined and placed on work restrictions, which included, among others, attending medical appointments on a weekly basis. (*Id.*).

On or about September 5, Plaintiff was terminated from his position. (*Id.* ¶ 12). During the time of his termination, Defendant asserted pretextual reasons and stated that Plaintiff was "no longer needed." (*Id.* ¶ 13). However, Plaintiff believes that he was terminated due to his disabilities and requests for accommodations. (*Id.*).

At all times, Defendant failed to engage in a good faith interactive process with Plaintiff to determine effective reasonable accommodations before terminating him. (*Id.* ¶ 14). Defendant also failed to accommodate Plaintiff's physical disability or perceived physical disability, and instead terminated him. (*Id.* ¶ 15).

The Complaint asserts six claims for relief: (1) disability discrimination in violation of Fair Employment Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, *et seq.*; (2) failure to engage in a good faith interactive process in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to take all reasonable steps to prevent discrimination and/or retaliation; and (6) wrongful termination in violation of public policy. (*Id.* ¶¶ 22-71).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 19-5740-MWF-JPR                               Date:  September 26, 2019
Title:     Melvin Avila v. Kiewit Corporation, et al.

## II.   **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, "when a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Moreover, "when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

## III.   **DISCUSSION**

The parties do not dispute diversity of citizenship. Accordingly, the only disputed issue is the amount in controversy. Plaintiff argues that Defendant failed to establish that the amount in controversy exceeds the $75,000 jurisdictional minimum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5740-MWF-JPR                    Date:  September 26, 2019
Title:     Melvin Avila v. Kiewit Corporation, et al.

in its Notice of Removal.  (Mot. at 5-9).  Specifically, Plaintiff argues that Defendant failed to submit summary-judgment-type evidence to meet its burden and instead relied on speculation and conjecture.  (*Id.* at 5).

As a preliminary matter, the Court notes that contrary to Plaintiff's suggestion, Defendants were not required to submit summary-judgment-type evidence in the Notice of Removal to prove up the amount in controversy.  The law is clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S. Ct. at 554.  "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*  Accordingly, Defendant's Notice of Removal was not deficient.

The Court next examines whether Defendant established the requisite amount-in-controversy by a preponderance of evidence.  In his Complaint, Plaintiff seeks compensatory damages in lost wages, including fringe benefits and job benefits, emotional distress, and past and future medical expenses.  (Compl. ¶¶ 26-28, 35-37, 44-46, 51-53, 59-61, 67-69; Prayer for Relief (a)-(c)).   He also seeks attorneys' fees and punitive damages.  (*Id.* ¶¶ 29-30, 38-39, 47-48, 54-55, 62-63, 70-71; Prayer for Relief (d)-(e)).

### A.    Lost Wages

In its Notice of Removal, Defendant asserted that Plaintiff's backpay alone would exceed $75,000.  (NoR ¶ 28).  Defendant reached this conclusion based on the gross earnings and health benefits Plaintiff would have earned if he remained employed with Defendant from his separation date of September 6, 2018 to a potential trial date of May 24, 2020 (approximately 1 year after filing of the Complaint).  (NoR ¶ 28).

In response, Plaintiff asserts that he found comparable employment approximately seven months after his termination.  (Mot. at 6).  Accordingly, Plaintiff argues that his backpay equates to approximately $42,560.  (*Id.*; Declaration of Shani Huang ("Huang Decl.") ¶ 7 (Docket No. 11-1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5740-MWF-JPR | Date: September 26, 2019 |
| Title: Melvin Avila v. Kiewit Corporation, et al. | |

In light of the declaration of Plaintiff's counsel, the Court determines that Plaintiff's damages based on lost wages amounts to $42,560.

### B. <u>Emotional Distress Damages</u>

Plaintiff also seeks unspecified damages for emotional distress. Emotional distress damages may be considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). A defendant may introduce evidence of jury verdicts in other cases as evidence of a plaintiff's potential emotional distress damages. *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Kroske*, 432 F.3d at 980 (holding that a district court did not err in concluding that emotional distress damages added at least $25,000 to the amount in controversy based in part on "emotional distress damage awards in similar age discrimination cases in Washington").

In its Opposition, Defendant has set forth examples of jury verdicts in discrimination cases and concluded that, based on those examples, Plaintiff's estimated emotional distress damages range from $125,000 to $1,904,135. (Opp. at 5-6). Plaintiff argues that Defendant has not done enough to show that these examples are factually analogous to this case. (Reply at 4).

The question, then, is just how factually analogous the cases on which Defendant relies must be. "[W]hile settlements and jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *Aguilar v. Wells Fargo Bank, N.A.*, No. EDCV 15-1833-AB (SPx), 2015 WL 6755199, at *5 (C.D. Cal. Nov. 4, 2015) (internal quotation marks and citation omitted). The district court in *Aguilar* thus demanded a high level of factual similarity before considering jury verdicts from other cases. It was not enough for the example cases to concern allegations of discrimination and retaliation based on the plaintiff's race or national origin, which mirrored the allegations in front of the court; the type and extent of discrimination had to be similar to the discrimination alleged in the *Aguilar* case. *Id.* at *5-*6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5740-MWF-JPR                    Date:  September 26, 2019
Title:    Melvin Avila v. Kiewit Corporation, et al.

Despite *Aguilar*'s analysis, overall, district courts appear to require only "analogous" or even "similar" examples before considering jury verdicts for the amount in controversy analysis. *See, e.g.*, *Castillo v. ABM Indus., Inc.*, 2017 WL 5609791, at *3–4 (C.D. Cal. Nov. 20, 2017) ("Such cases must be factually analogous, but they need not be identical."); *Ponce*, 2015 WL 4554336, at *4 (finding "similar cases" sufficient to determine that potential emotional distress award was more than nominal, without deciding if the examples were "sufficiently analogous" or "quantifying the exact value" the plaintiff's emotional distress claim); *see also Kroske*, 432 F.3d at 980 (holding district court properly considered "emotional distress awards in similar age discrimination cases in Washington"); *Cain*, 890 F. Supp. 2d at 1250-51 (using simply "other insurance bad faith cases" as examples to estimate emotional distress damages).

Based on the authority described above, the Court will consider *similar* cases involving disability discrimination and wrongful termination in its amount in controversy analysis.

Some of the decisions that Defendant cites appear to be sufficiently analogous. For example, in *Gomez v. Magco Drilling Inc.*, the jury awarded the plaintiff $45,000 for pain and suffering for disability discrimination and failure to accommodate where the plaintiff suffered a work-related injury and was terminated after requesting accommodation. JVR No. 1510280054, 2015 WL 6523737 (Cal. Super. Sept. 24, 2015). In *Ko v. Square Group, LLC*, the jury awarded $125,000 in emotional distress damages when the defendant discriminated against her for requesting medical leave and wrongfully terminated her. Case No. BC487739, 2014 JV LEXIS 6613 (Cal. Super. June 16, 2014).

Based on these cases, the Court concludes that emotional distress damages in this action are potentially substantial, "[w]ithout deciding whether this case is sufficiently analogous to those cited by Defendant, or quantifying the exact value of Plaintiff's claims for emotional distress." *See Ponce*, 2015 WL 4554336, at *4; *Sasso*, 2015 WL 898468, at *6; *see also Hurd v. Am. Income Life Ins.*, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5740-MWF-JPR                              Date:  September 26, 2019
Title:    Melvin Avila v. Kiewit Corporation, et al.

disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.").

### C. Punitive Damages

Plaintiff first argues that "[t]he mere possibility of a punitive damages award [is] insufficient to prove that the amount in controversy exceeds the threshold for diversity jurisdiction." (Mot. at 6 (citing *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004); Reply at 3 (same)). Based on this language, Plaintiff suggests that Defendant must show why it thinks Plaintiff's case rises to the level of conduct which will reasonably entitle him to punitive damages should he win. (Reply at 3). However, Plaintiff cites no authority that requires Defendant to provide such evidence. In fact, in *Burk*, the case that Plaintiff cites, the court noted that removing defendants may establish "probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases." 348 F. Supp. 2d at 1069. Therefore, Defendant may establish probable amount of punitive damages by submitting evidence of jury verdicts in analogous cases.

The parties similarly dispute whether Defendant has introduced jury verdicts from sufficiently factually analogous cases to support its conclusion that a punitive damage verdict would put the amount in controversy well over the jurisdictional threshold. (*See* Mot. at 6-7; Opp. at 6-8; Reply at 3). "It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiff's claims for relief. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Most of Plaintiff's claims are brought pursuant to FEHA, under which punitive damages are available. Cal. Gov't Code § 12940; *see Simmons*, 209 F. Supp. 2d at 1033 (considering punitive damages towards amount in controversy in FEHA case). Where the plaintiff seeks punitive damages but does not specify a particular amount, the defendant "may introduce evidence of jury verdicts in cases involving analogous facts" in order to establish probable punitive damages. *Simmons*, 209 F. Supp. 2d at 1033.

District courts evaluate estimated punitive damages awards for amount in controversy purposes in the same way they evaluate estimated emotional distress

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5740-MWF-JPR                    Date:  September 26, 2019
Title:    Melvin Avila v. Kiewit Corporation, et al.

damages. *See, e.g.*, *Ponce*, 2015 WL 4554336, at *5; *Sasso*, 2015 WL 898468, at *6; *see also Simmons*, 209 F. Supp. 2d at 1033 ("Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

In the Notice of Removal and the Opposition, Defendant describes several single-plaintiff disability discrimination cases with punitive damage awards ranging from $500,000 to $22,843,912. (NoR ¶ 33; Opp. at 7-8). For example, in *Ko v. The Square Grp.*, 2014 WL 8108413, described above, a Los Angeles jury awarded the plaintiff $500,000 in punitive damages. In *Rodriguez v. Valley Vista Services Inc. et al.*, 2013 J.V. LEXIS 2078, the jury awarded $16,570,261 in punitive exemplary damages when the plaintiff alleged that the defendant's actions constituted disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful termination.

As with the emotional distress damages, the Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on his Complaint. *See Ponce*, 2015 WL 4554336, at *5; *Sasso*, 2015 WL 898468, at *6. In *Simmons*, the district court found that, although the facts of its own case were "far less egregious, defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award." 209 F. Supp. 2d at 1033. Likewise, the Court here concludes that the amount in controversy here should include a punitive damages award.

### D.  **Attorneys' Fees**

Attorneys' fees may be considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Here, plaintiff alleges claims under FEHA and requests attorneys' fees. Because attorneys' fees are recoverable by the prevailing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5740-MWF-JPR                              Date:  September 26, 2019
Title:     Melvin Avila v. Kiewit Corporation, et al.

party in a FEHA action, *Simmons*, 209 F. Supp. 2d at 1034 (citing Cal. Gov. Code § 12965), they are properly considered part of the amount in controversy in this case.

The parties first dispute whether the attorneys' fees should be limited to the fees incurred as of the date of removal. (*See* Mot. at 7-9; Opp. at 8-10; Reply at 3-4). Previously, there was a split in district courts regarding this issue. However, as Defendant points out, the Ninth Circuit has since resolved the issue, holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future [attorneys' fees] are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Id.* (internal quotation marks and citations omitted).

In response, Plaintiff argues that *Fritsch*'s holding should be limited to class actions. (Reply at 4). The Court is not persuaded. The Court sees no reason to limit the holding of *Fritsch* to class actions, when *Fritsch* broadly held that future attorneys' fees should be included in the amount in controversy. This reasoning did not rely on any statute or argument specific to class actions. Accordingly, the Court concludes that all attorneys' fees recoverable by statute should be included in determining the amount in controversy and considers fees incurred up to the date of removal as well as through the entire action.

Here, Defendant argues that the fees at issue would be at least $30,000 if the Plaintiff's counsel expends only 100 hours of time on this matter at $300 per hour. (Opp. at 9). A number of courts have held that 100 hours and an hourly rate of $300 is an appropriate and conservative estimate for employment cases. *See, e.g., Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("This Court and others have held that a reasonable rate for employment cases is $300 per hour" and "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours."); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5740-MWF-JPR                    Date:  September 26, 2019
Title:     Melvin Avila v. Kiewit Corporation, et al.

589853, at *4 (C.D. Cal. Feb. 11, 2016) ("Adopting the same conservative estimate in this case, the Court concludes that [the plaintiff's] demand for attorneys' fees under FEHA adds at least $30,000 to the amount in controversy.").

Accordingly, the Court concludes that the attorneys' fees in this case may reasonably be expected to equal at least $30,000.

In sum, Defendant has demonstrated that $42,560 in compensatory damages are at issue and that at least $30,000 in attorneys' fees are at stake, totaling $72,560 in these two categories alone.  Defendant also has demonstrated the likelihood that if Plaintiff prevails on his Complaint, there will be substantial emotional distress and punitive damages awards.  All combined, the Court concludes that these estimates carry the probable total award well over $75,000.

Accordingly, Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.